UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  EDCV 22-1829 GW (PVC)                                  Date: November 2, 2022

Title     Thomas DeWayne Johnson v. Luis Martinez, Acting Warden

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None | None |

**PROCEEDINGS: [IN CHAMBERS] ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED AS SUCCESSIVE**

On September 14, 2022, Petitioner, a California state prisoner proceeding *pro se*, constructive filed a habeas petition pursuant to 28 U.S.C. § 2254. ("Petition," Dkt. No. 1).[1] Petitioner is challenging his August 2005 conviction, after a Riverside County jury in case number SWF006315, found him guilty of kidnap to commit robbery, rape by force, and oral copulation with force, for which he was sentenced in July 2008 to 110 years to life in state prison. (*Id.* at 2). Petitioner is asserting two grounds for federal habeas relief. (*Id.* at 5). Ground One is described as "actual innocence, ineffective

---

[1] Under the "mailbox rule," a pleading filed by a *pro se* prisoner is deemed to be filed as of the date the prisoner delivered it to prison authorities for mailing to the court clerk, not the date on which the pleading may have been received by the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Here, the Court uses the date the proof of service was signed. (Pet. at 92). For ease of reference, when citing to Petitioner's submissions, the Court relies on the CM/ECF-generated pagination on the Court's docket.

Luis Martinez, Acting Warden at Correctional Training Facility (CTF), where Petitioner is currently incarcerated, is substituted for the Respondent identified only as "Warden" in the Petition. *See* Fed. R. Civ. P. 25(d).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 22-1829 GW (PVC)                                    Date:  November 2, 2022

Title      Thomas DeWayne Johnson v. Luis Martinez, Acting Warden

assistance of counsel, inadequate fact-finding process used (D.N.A. recovery), [and] denied the right to jury of ones peirs [*sic*]." (*Id.* at 6). In Ground Two, Petitioner requests resentencing under California Penal Code § 1170.18. (*Id.* at 37). However, the Petition appears to be successive.

### **Prohibition on Successive Petitions**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to the instant Petition because Petitioner filed it after AEDPA's effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under AEDPA, a petition is considered "successive" if it challenges "the same custody imposed by the same judgment of a state court" as a prior petition. *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (per curiam). AEDPA prohibits the filing of a second or successive petition in district courts unless the petitioner first obtains permission from the appropriate court of appeals. *See* 28 U.S.C. § 2244(a)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *see also Burton*, 549 U.S. at 152–53 (quoting 28 U.S.C. § 2244(b)(3)(A)). "If [a] prisoner asserts a claim [in a successive petition] that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases. And if the prisoner asserts a claim that was not presented in a previous petition, the claim must be dismissed unless it falls within one of two narrow exceptions." *Tyler v. Cain*, 533 U.S. 656, 661 (2001). However, "[e]ven if a petitioner can demonstrate that he qualifies for one of these exceptions, he must [still] seek authorization from the court of appeals before filing his new petition with the district court." *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008).

The instant Petition challenges the same 2005 conviction and 2008 sentence that Petitioner previously challenged in a habeas petition filed in this Court in August 2009. *See Thomas DeWayne Johnson v. M. Martel*, No. EDCV 09-1604 GW (SS) (C.D. Cal. filed Aug. 24, 2009) ("Prior Petition," Dkt. No. 1). The Prior Petition was denied with prejudice in March 2012. *See id.* (Dkt. Nos. 42 [Report and Recommendation], 45

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 22-1829 GW (PVC)                                   Date:  November 2, 2022

Title   Thomas DeWayne Johnson v. Luis Martinez, Acting Warden

[Order Accepting Findings, Conclusions, and Recommendations of United States Magistrate Judge], 46 [Judgment dismissing Prior Petition with prejudice, entered on March 2, 2012]).  The Ninth Circuit denied Petitioner's request for a certificate of appealability on March 15, 2013.  *See id.* (Dkt. No. 51).

    Because the instant Petition is the second habeas petition that Petitioner has filed in this Court challenging the same 2005 conviction and 2008 sentence, the Petition appears to be successive.  Petitioner must therefore obtain permission from the Ninth Circuit before this Court can adjudicate any challenge arising from that conviction.  28 U.S.C. § 2244(b)(3)(A).  Based on the Court's review of the Ninth Circuit's docket, Petitioner has neither requested nor received permission from the Ninth Circuit to file the Petition.  Accordingly, the Court appears to lack jurisdiction to adjudicate the instant Petition.  *See Burton*, 549 U.S. at 157.

## Conclusion and Order

    Petitioner therefore is ORDERED TO SHOW CAUSE, within 14 days of the date of this Order, why this Court should not recommend that the Petition be dismissed without prejudice as successive.  Petitioner may satisfy this Order to Show Cause by filing a response or declaration setting forth any reason the instant Petition is not barred as successive.  After the Court receives a response to the Order to Show Cause, it may prepare a Report and Recommendation for submission to the District Judge.  This Order is not dispositive of any of Petitioner's claims.

    Instead of filing a response to the instant Order to Show Cause, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  <u>A Notice of Dismissal form is attached for Petitioner's convenience</u>.  However, Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 22-1829 GW (PVC)                                   Date: November 2, 2022

Title        Thomas DeWayne Johnson v. Luis Martinez, Acting Warden

**Petitioner is expressly warned that the failure to timely file a response to this Order will provide a ground for a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute.** *See* **Fed. R. Civ. P. 41(b).**

The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.

IT IS SO ORDERED.

|  | 00:00 |
|---|---|
| **Initials of Preparer** | mr |